JOURNAL ENTRY AND OPINION
{¶ 1} Durolyn Brawley appeals from a judgment of the trial court denying his post-sentence motion to withdraw a guilty plea. On appeal, he assigns the following as error for our review:
 {¶ 2} THE TRIAL COURT ERRED BY OVERRULING THE APPELLANT'S MOTION TO WITHDRAW HIS PLEAS.
{¶ 3} Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court.
{¶ 4} The record before us reveals on October 26, 2000, Brawley was indicted on two counts of escape because he tested positive for cocaine and failed to report to his parole officer as instructed on June 7, 2000. Both offenses were charged as second degree felonies because Brawley was on parole for aggravated robbery, a first degree felony as charged in 1987.
{¶ 5} Pursuant to a plea agreement with the state, Brawley pleaded guilty to an amended count of attempted escape and the second escape count was dismissed. Subsequently, Brawley filed a pro se motion to dismiss the convictions based upon ex post facto considerations; the court denied the motion. The trial court sentenced him to one year in the Lorain Correctional Institution. On March 20, 2001, Brawley filed a pro se motion to withdraw his guilty plea; the court denied the motion without a hearing.
{¶ 6} In this appeal, Brawley argues the court erred by overruling the motion to withdraw his guilty plea because, he claims, it is a legal impossibility to be charged with attempted escape. In essence, he argues one either reports or fails to report, but one cannot attempt to fail to report. However, we note for clarification that Brawley did not plead to "attempted failure to report"; he did plead guilty to attempted escape, an offense clearly defined and contemplated by the legislature as evidenced in R.C. 2921.34.
{¶ 7} Our analysis is guided by Crim.R. 32.1, which states a motion to withdraw a guilty plea may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
{¶ 8} The constitutional rights requiring strict compliance are contained in Crim.R. 11(C)(2)(c);[1] the rights specified under Crim.R. 11(C)(2)(b) are non-constitutional rights. It provides:
{¶ 9} * * *
 {¶ 10} (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
{¶ 11} * * *
 {¶ 12} (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
{¶ 13} * * *
{¶ 14} Here, Brawley complains he was not adequately informed of the nature of his plea. Since he complains of a non-constitutional right, the standard of review is substantial compliance.[2] It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in substantial compliance with Crim.R. 11(C).[3] Substantial compliance with Crim.R. 11(C) requires the trial court to engage the defendant on the record in a "reasonably intelligible" dialogue.[4] Under this standard of review, "it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge."[5] Typically, the trial court is able to ascertain whether a defendant comprehends the nature of the charges and the consequences of a guilty plea through an oral dialogue with the defendant.[6]
{¶ 15} In this regard, the court fully explained Brawley's constitutional rights and that he would waive those rights by entering a plea. Brawley indicated he understood what had been explained to him and in regards to the amended charge, the court stated the following:
 {¶ 16} THE COURT: Let's look at this amended charge. It's under 2921.34 and 2923.32. They say in June, last year, in this county, that you unlawfully and knowing you were under detention, or being reckless in that regard, you attempted to purposely fail to return to detention either following temporary leave granted for a specific purpose or limited period, and the offense for which you were under detention was aggravated murder, murder or felony of the first or second degree. Do you understand that charge?
{¶ 17} MR. BRAWLEY: Yes, your Honor.
 {¶ 18} THE COURT: Attempted escape under any circumstances is a third-degree felony. You can get a prison sentence or community sentence. Prison sentence goes one, two, three, four or five years in the Lorain Correctional Institution, the community sentence can last up to five years. * * *.
{¶ 19} Based on this dialogue, we conclude the trial court fully explained the nature of his plea.
{¶ 20} Although Brawley did not specifically assign the legal impossibility argument as error, we feel compelled to address the issue. Brawley argues it is legally impossible to be charged with attempted failure to report. Again, we note he was charged, and pleaded guilty to, attempted escape. One can begin the process of escaping but be thwarted in his effort to do so. Additionally, we note Brawley agreed to plead guilty in this case rather than go to trial; any error alleged was invited. The invited error doctrine provides that "a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make. The Ohio Supreme has asked the court to take some action later claimed[7] to be erroneous.[8] In State v.Wickham,[9] the court held that a defendant entering into a negotiated guilty plea to attempted involuntary manslaughter, even if a nonexistent offense, was not reversible error. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] State v. Clark, 2002 Ohio App. LEXIS 20 (Jan. 3, 2002), Cuyahoga App. No. 79386.
[2] Clark, supra.
[3] E.g. State v. Stewart (1977), 51 Ohio St.2d 86, 92-93,364 N.E.2d 1163; State v. Rivers, 1997 Ohio App. LEXIS 308 (Jan. 30, 1997), Cuyahoga App. No. 70385.
[4] See, e.g., State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115.
[5] State v. Rainey (1982), 3 Ohio App.3d 441, 446 N.E.2d 188.
[6] State v. Caudill (1976), 48 Ohio St.2d 342, 358 N.E.2d 601, paragraph two of the syllabus.
[7] State v. Toms 2001 Ohio App. LEXIS 3944, (Sept. 7, 2001), Clark App. No. 2000 CA 64, citing, State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 1998-Ohio-329. See, also, State v. Campbell,90 Ohio St.3d 320, 2000-Ohio-183.
[8] Campbell, supra.
[9] 1977 Ohio App. LEXIS 10210 (Sept. 28, 1977), Muskingum App. No. CA 76-40.